UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN THOMPSON, SR., | No. 2:14-cv-2111 JAM DAD P |
| Plaintiff, | |
| v. | ORDER |
| QUIRINA OROZCO, | |
| Defendant. | |

Plaintiff is a state prisoner at Deuel Vocational Institution proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
3  1915(b)(2).

4      The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

9      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989); Franklin, 745 F.2d at 1227.

16      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
17  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
18  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
19  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
20  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
21  this standard, the court must accept as true the allegations of the complaint in question, Hospital
22  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
23  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
24  McKeithen, 395 U.S. 411, 421 (1969).

25      Plaintiff filed his complaint in this action while he was incarcerated at the Sacramento
26  County Jail, and the allegations of the complaint are limited to conduct that allegedly occurred at
27  that location. Plaintiff alleges as follows. On March 7, 2013, plaintiff was required to sign a
28  "Mail Rejection Notification" (MRN) form, prepared by Sacramento County Deputy Sheriff

1  McClary, and presented to plaintiff by a Deputy Cejas.  The MRN provided that six of plaintiff's
2  letters were "seized" for "inappropriate content," and would be forwarded to the Sacramento
3  County District Attorney's Office.  Plaintiff signed the MRN without the opportunity to review
4  the letters in question.  On March 9, 2013, plaintiff filed a grievance, challenging the confiscation
5  of those letters.  On March 22, 2013, in open court, defendant Sacramento County Deputy District
6  Attorney Orozco allegedly "admitted to the thieft (sic) of one letter but denied [plaintiff's] claim
7  of six letters."  (ECF No. 1 at 6.)  On May 4, 2013, plaintiff's attorney showed plaintiff
8  photocopies of eight letters – the six letters noted above, and two additional letters (one written by
9  plaintiff, the other addressed to plaintiff), both of which had allegedly been "confiscated" without
10 plaintiff signing a MRN and provided to defendant Orozco.  Plaintiff states that none of the
11 photocopied letters contained inappropriate content.  Plaintiff filed a "citizen's complaint" against
12 Deputy District Attorney Orozco, and a complaint with the California Bar.  On July 30, 2013,
13 plaintiff received a photocopy of a ninth letter, one that he had written and which also did not
14 contain inappropriate content, and for which plaintiff  had not signed a MRN.
15       On March 10, 2014, plaintiff "wrote a letter to the Sacramento County DA's Office of
16 Internal Affairs and requested a final outcome of his March 29, 2013 Citizen's Complaint.  []
17 Both the 2013 Citizen's Complaint and the March 2014 letter has (sic) gone unanswered."  (ECF
18 No. 1 at 8.)  On July 7, 2014, during plaintiff's criminal trial, defendant Orozco handed plaintiff's
19 counsel photocopies of three additional letters, which plaintiff says were "seized by Intel at
20 S.C.M.J. [Sacramento County Main Jail] and forwarded to the DA's Office."  (Id.)  Plaintiff states
21 that each of those letters was written by him to a different friend, and none contained
22 inappropriate content.  Plaintiff states that he never signed a MRN for these letters.
23       In his civil rights complaint plaintiff names only one defendant, Sacramento County
24 Deputy District Attorney Quirina Orozco, against who plaintiff seeks the award of punitive
25 damages and injunctive relief "to stop the thieft (sic) of [plaintiff's] mail."  (ECF No. 1 at 9.)
26 Plaintiff's putative legal claims are set forth only in the title of his complaint, which provides in
27 pertinent part:
28 /////

>> Mail Thieft, Seizing Mail Under False Pretences, Violation of Free Speech, and Due Process, and Violation of Attorney Client Privilege Mail . . .

(ECF No. 1 at 1) (sic).

Plaintiff's claims against defendant Orozco are not cognizable as framed.  As a Deputy District Attorney, defendant Orozco is absolutely immunity from suit under 42 U.S.C. § 1983 for acts undertaken within his or her authority and in a quasi-judicial capacity.  See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  Gathering and reviewing evidence to prepare charges and to prepare for trial are core prosecutorial functions entitled to protection.  Imbler, 424 U.S. at 431 n.33.

Because the PLRA requires dismissal of a complaint seeking monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(2), this action must be dismissed.  However, plaintiff will be accorded the opportunity to file an amended complaint to attempt to allege facts stating a cognizable claim.

Although it is unclear from the complaint , and should be clarified in an amended complaint, whether plaintiff was a pre-trial detainee during the period encompassing the challenged conduct, he was likely still "protected by the Fourteenth Amendment's Due Process Clause, as well as specific substantive guarantees of the federal Constitution, such as the First and Eighth Amendments."  Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008).

The allegations of plaintiff's complaint do not state a claim under the Eighth Amendment, and do not appear to state a due process claim.  The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a cognizable claim under § 1983 if the state provides an adequate post-deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Govt. Code §§ 810–95).  Therefore, only an authorized and intentional deprivation of property may constitute an actionable §1983

1   claim for violation of the Due Process Clause.  An authorized deprivation is one carried out

2   pursuant to established state procedures, regulations or statutes.  Piatt v. McDougall, 773 F.2d

3   1032, 1036 (9th Cir. 1985).

4       In the instant case, plaintiff appears to allege that his mail was confiscated pursuant to

5   both authorized and unauthorized procedures.  However, plaintiff does not allege how he was

6   injured, if at all, by the authorized MRN procedure employed since it appears from the allegations

7   of his complaint that plaintiff eventually obtained copies of each correspondence and does not

8   allege that the delay in his receipt of them was harmful.  Additionally, plaintiff's own description

9   of the subject correspondence does not include legal mail, and therefore would not support the

10  alleged disclosure of confidential attorney-client information.

11      It may be that plaintiff is attempting to state a First Amendment claim for unauthorized

12  confiscation of his incoming and outgoing mail.  "The Supreme Court makes clear that in the

13  prison context, an inmate retains those First Amendment rights not inconsistent with his status as

14  a prisoner or with the legitimate penological objectives of the corrections system."  Prison Legal

15  News v. Cook, 238 F.3d 1145, 1149 (9th Cir. 2001) (citations and internal quotation marks

16  omitted).  This includes "a First Amendment right to send and receive mail."  Witherow v. Paff,

17  52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)).

18  However, this right is qualified:

19
> [A] prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).  Legitimate penological interests include "security, order, and rehabilitation." Procunier v. Martinez, 416 U.S. 396, 413 (1974).  When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a "closer fit between the regulation and the purpose it serves."  [Thornburgh v.] Abbott, 490 U.S. 401, 412 (1989).  However, in neither case must the regulation satisfy a "least restrictive means" test. Id. at 411-13 [].

25  Witherow, 52 F.3d at 265.

26      As noted above, plaintiff will be accorded the opportunity to file an amended complaint in

27  order to attempt to state a cognizable claim.  However, plaintiff is not obligated to amend his

28  complaint.  If plaintiff elects to file an amended complaint, however, he must allege facts

5

1 demonstrating how the conditions complained of resulted in a deprivation of his constitutional

2 rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). His allegations must be made against

3 a prison official who is not immune from suit and who was allegedly involved in a direct and

4 tangible way in depriving plaintiff of his constitutional rights. There can be no liability under 42

5 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's specific

6 actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633

7 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Vague and

8 conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v.</u>

9 <u>Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

10     Finally, Local Rule 220 requires that an amended complaint be complete in itself without

11 reference to any prior pleading. The amended complaint will supersede the original complaint.

12 See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, each

13 claim and the involvement of each defendant must be sufficiently alleged.

14     In accordance with the above, IT IS HEREBY ORDERED that:

15     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

16     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

17 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

18 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

19 Director of the California Department of Corrections and Rehabilitation filed concurrently

20 herewith.

21     3. Plaintiff's complaint is dismissed.

22     4. Plaintiff is granted thirty days from the date of this order to file an amended complaint

23 that complies with the requirements of this order; the amended complaint must bear the docket

24 number assigned this case and be labeled "Amended Complaint."

25 /////

26 /////

27 /////

28 /////

     5.  Plaintiff's failure to timely comply with this order will result in a recommendation that this action be dismissed without prejudice.

     6.  The Clerk of the Court is directed to send plaintiff a blank civil complaint form.

Dated:  November 10, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
thom2111.14new